**FILED**

April 08, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003409711

1 | EDDIE R. JIMENEZ (CA SBN 231239)
ERIN L. LANEY (CA SBN 259863)
2 | PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
3 | P.O. Box 17933
San Diego, CA 92177-0933
4 | Telephone: (858) 750-7600
Facsimile: (619) 590-1385
5
6 | Attorneys for CITIBANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF
STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3
7 | MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3

8

9

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| In re | Case No. 10-61974-A |
|---|---|
| WILLIAM ANTHONY CURRY, | Chapter 13 |
| Debtor(s). | D.C. No. PD-1 |
| | MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY (11 U.S.C. §§ 362 and 1301 and Bankruptcy Rule 4001) |
| CITIBANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3, | LBR 4001-1 and 9014-1(f)(1) |
| Movant, | DATE: May 10, 2011 TIME: 1:30 p.m. CTRM: 11 |
| vs. | 2500 Tulare Street, Fresno, CA 93721-1318 |
| WILLIAM ANTHONY CURRY, Debtor(s); and MICHAEL H. MEYER, Chapter 13 Trustee, | |
| Respondents. | |

/./././

/././/

- 1 -

TO THE RESPONDENTS NAMED ABOVE:

CITIBANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3[1] ("Movant"), respectfully represents as follows:

<u>RELIEF FROM STAY - CAUSE - BAD FAITH</u>

1.      This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157, 1334, and 11 United States Code § 362.

2.      On or about October 15, 2010, William Anthony Curry ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Michael H. Meyer is the appointed Chapter 13 Trustee.

3.      On or about December 21, 2006, Armando Barca and Reyna Rogers (collectively the "Borrowers"), for valuable consideration, made, executed and delivered to Family Lending Services, Inc. ("Lender") a Note in the principal sum of 531,400.00 (the "Note"). Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments commencing February 1, 2007, and continuing until January 1, 2037, when all outstanding amounts are due and payable. A copy of the Note is attached to the concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay and Co-Debtor Stay ("Exhibits") as exhibit A.

4.      On or about December 21, 2006, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 6421 Seavey Court, Highland, California 92346 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on December 26, 2006,

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

in the Official Records of San Bernardino County, State of California. A copy of the Deed of Trust is attached to the Exhibits as exhibit B.

5.      Subsequently, Lender's beneficial interest in the Deed of Trust was assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached to the Exhibits as exhibit C.

6.      On or about July 24, 2009, less than six days before July scheduled trustee's sale of the subject property, an unauthorized Quitclaim Deed was recorded in the San Bernardino County Recorder's Office whereby Armando Barca and Reyna Rogers purported to transfer interest in the Real Property to Debtor, in part, as a member of the Lucy Anaya, Richard Anaya, Valerie Curry, William Curry, Claudia Guzman, and Alfonso Guzman trust, for no consideration. A copy of the above-referenced Quitclaim Deed is attached to the Exhibits as exhibit D.

7.      A debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for relief from automatic stay. (In re Arnold (9th Cir. 1986) 806 F.2d 937, 939.) If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. (In re Arnold, supra, citing In re Thirteenth Place, Inc. (Bankr.App.9th Cir. 1983) 30 B.R. 503, 505.) In the absence of extraordinary circumstances, successive or serial filings for the purpose of reimposing the automatic stay, particularly when the debtor's purpose is to delay a scheduled foreclosure, should not be viewed with favor by the court. (In re McKissey (Bankr. N.D. IL 1989) 103 B.R. 189, 192 citing In re Russo (Bankr. N.D. IL 1988) 94 B.R. 127, 129.)

8.      Once the lack of good faith is raised, the debtor has the burden of establishing that the petition was filed in good faith. (Stage I Land Co. v. U.S. Department of H.U.D. (D. MN 1986) 71 B.R. 225, 229; In re Business Information Co., Inc. (Bankr. W.D. PA. 1988) 81 B.R. 382, 385.) Movant submits Debtor cannot meet this burden.

9.      By reason of the foregoing, Movant is entitled to relief from stay and co-debtor stay under 11 United States Code §§ 362 and 1301(d)(4). Movant also requests the court to exercise its powers under § 105(a) of the Bankruptcy Code to grant Movant relief with in rem relief for a period of 180 days pursuant to §§ 105 and 109(g) of the Bankruptcy Code in order to

prevent Debtor from further unjustly delaying Movant from exercising its rights under state law. (In re Fernandez, 212 B.R. 361 (Bkrtcy C.D. CA 1997).

RELIEF FROM STAY - CAUSE

FAILURE TO MAKE POST-PETITION PAYMENTS

10.     The Debtor is in default of his obligations under the Note for failure to make payments as of June 1, 2008. As of March 2, 2011, the total amount owing under the Note is the approximate sum of $709,749.30, representing the principal balance of $553,646.88, interest in the sum of $113,838.27, late charges in the amount of $1,505.60, escrow advances in the amount of $34,084.75, and a recoverable balance of $6,673.80. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

11.     As a result of the default under the Note, a Notice of Default was recorded on June 21, 2010.

12.     Pursuant to 11 United States Code § 1322, and the Debtor's Chapter 13 Plan, the Debtor is obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for November 1, 2010 through March 1, 2011. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $13,213.90, consisting of five (5) payments in the amount of $2,642.78 each, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A copy of the post-petition payment accounting pursuant to Local Rule 4001-1(b)(7) is attached to the Exhibits as exhibit E.

13.     Movant maintains that neither the Note and Deed of Trust, or applicable non-bankruptcy law, require Movant to provide a statement, payment coupon, invoice or other comparable document to the Debtor.

14.     A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case constitutes "cause" for relief from the automatic stay and co-debtor stay pursuant to 11 United States Code §§ 362 and 1301(d)(1). (In re Ellis (9th Cir. 1985) 60 B.R.

432.) Accordingly, as the Debtor has failed to make post-petition payments under the Note, Movant is entitled to relief from the automatic stay and co-debtor stay pursuant to 11 United States Code §§ 362 and 1301(d)(1).

RELIEF FROM STAY - CAUSE

ADEQUATE PROTECTION

15.    Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

16.    Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

17.    Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

18.    By reason of the foregoing, Movant is entitled to relief from stay and co-debtor stay under 11 United States Code §§ 362 and 1301(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments as required by 11 United States Code § 1322.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1.    Terminating the automatic stay and co-debtor stay of 11 United States Code §§ 362 and 1301, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2.    That the Order be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing.

3.    Providing that the Order is binding as to the Debtors for a period of 180 days following entry of the Order in any pending and/or subsequently filed bankruptcy case(s);

4.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

- 5 -

5. The Order Terminating Stay and Co-Debtor Stay of 11 United States Code §§ 362 and 1301 shall be binding and effective and supersede any subsequently entered confirmation order that confirms a Chapter 13 Plan of Reorganization providing for the treatment of Movant's claim.

6. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Real Property;

7. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

8. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

9. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

10. For such other and further relief as the court deems just and proper.

Dated: April 8, 2011                    PITE DUNCAN, LLP

                                        /s/ ERIN L. LANEY (CA SBN 259863)
                                        ERIN L. LANEY
                                        Attorneys for CITIBANK, N.A., AS TRUSTEE
                                        FOR THE CERTIFICATEHOLDERS OF
                                        STRUCTURED ASSET MORTGAGE
                                        INVESTMENTS II TRUST 2007-AR3
                                        MORTGAGE PASS-THROUGH
                                        CERTIFICATES, SERIES 2007-AR3